UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MILES S. MITCHELL,

                      Petitioner,

           v.

SUPERINTENDENT,

                      Respondent.
_____

DECISION
and
ORDER

20-CV-1189JLS(F)

APPEARANCES:      MILES S. MITCHELL, *Pro se*
                           13-B-3347
                           Green Haven Correctional Facility
                           Box 4000
                           Stormville, New York  12582-0010

                           LETICIA A. JAMES
                           ATTORNEY GENERAL, STATE OF NEW YORK
                           Attorney for Respondent
                           MATTHEW B. KELLER
                           Assistant Attorney General, of Counsel
                           28 Liberty Street
                           15th Floor
                           New York, New York  10005

## **JURISDICTION**

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this case was referred to the undersigned by Honorable John L. Sinatra, Jr., on December 23, 2020, for all pretrial matters necessary for a determination of the factual and legal issues presented herein. The matter is presently before the court on Petitioner's motions to file an amended petition asserting two additional grounds on which habeas relief is requested (Dkt. 26), and seeking a stay and holding the Petition in abeyance while Petitioner exhausts additional grounds for habeas relief (Dkt. 27).  Petition's motions are nondispositive.

*See Brady v. McCarthy*, 2021 WL 6427544, at *1 (W.D.N.Y. Sept. 30, 2021) ("Petitioner's motion to amend the Petition is nondispositive"), *report and recommendation adopted*, 2021 WL 5860720 (W.D.N.Y. Dec. 10, 2021); and *Chase v. LaManna*, 2021 WL 3485771, at *3 (W.D.N.Y. Aug. 9, 2021) (considering petitioner's motion to stay and hold habeas petition in abeyance as non-dispositive).

## BACKGROUND and FACTS[1]

On September 20, 2020, Plaintiff Miles Mitchell, proceeding *pro se*, filed a Petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus challenging the constitutionality of his October 29, 2013 conviction by jury in New York Supreme Court, Monroe County, for two counts of second-degree murder (N.Y. Penal Law § 125.25[1], [3]), attempted first-degree robbery (N.Y. Penal Law §§ 110.00, 160.15[4]), attempted second-degree robbery (N.Y. Penal Law § 110.00, 160.10[1]), and two counts of second-degree criminal possession of a weapon (N.Y. Penal Law § 265.03[1](B)).  In connection with the conviction, Petitioner was sentenced as a second violent felony offender to an aggregated prison term of 25 years to life.  Petitioner appealed the conviction to the New York Supreme Court, Appellate Division, 4th Dept., which, on November 10, 2016, reserved decision on the appeal, and remanded the matter to the trial court with directions to hold a hearing pursuant to *People v. Huntley,* 204 N.E.2d 179 (N.Y.1965) ("*Huntley* hearing"), to determine whether Petitioner's pre-arrest inculpatory statements, which were admitted against Petitioner at trial, were voluntarily made and complied with Plaintiff's right to the warnings required by *Miranda v. Arizona,*

---

[1] The Facts are taken from the Petition and motion papers filed in this action.

384 U.S. 436 (1966) ("*Miranda* warnings"). *People v. Mitchell*, 41 N.Y.S.3d 805 (4th Dept. 2016). Upon remand, the trial court held the *Huntley* hearing, and concluded the Petitioner's statements were voluntarily made, were not in violation of the *Miranda* warnings"), and should not be suppressed. Petitioner again appealed to the Appellate Division, Fourth Department, which, on March 15, 2019, affirmed both the trial court's denial of suppression at the *Huntley* hearing, and Petitioner's conviction. *People v. Mitchell*, 94 N.Y.S.3d 494 (4th Dept. 2019). Leave to appeal to the New York Court of Appeals was denied. *People v. Mitchell*, 129 N.E.3d 330 (N.Y. 2019).

On August 14, 2020, Petitioner filed in the United States District Court in the Northern District of New York, the instant petition seeking habeas relief pursuant to 28 U.S.C. § 2254, asserting four grounds for habeas relief including (1) the trial court improperly refused to conduct, pretrial, a *Huntley* hearing regarding statements Petitioner made to police ("First Ground"); (2) the trial court erred in denying Petitioner's challenges to three potential jurors for cause ("Second Ground"); (3) the trial court erred by allowing into evidence a prior bad act, *i.e.*, a violent attack involving Petitioner and his girlfriend ("Ground Three"), and (4) Petitioner's murder conviction was against the weight of the evidence ("Ground Four"). Because Petitioner's conviction and sentence were imposed in New York Supreme Court, Monroe County, on September 2, 2020, the matter was transferred to this court as the proper forum.

After filing the instant Petition, on October 13, 2020, Petitioner filed in the trial court a motion pursuant to N.Y. Crim. Proc. Law § 440.10 ("§ 440 motion") seeking to vacate his conviction based on a denial of due process including the *Huntley* hearing regarding the admissibility of his statements was held after trial, the prosecutor withheld

3

evidence, the felony complaint was defective, and a superseding indictment subjected Petitioner to double jeopardy.  On December 18, 2020, Respondent filed a Memorandum of Law in Opposition to Petitioner for Writ of Habeas Corpus (Dkt. 13), and an answer to the Petition (Dkt, 14), attaching as exhibits the state court records (Dkts. 14-1 through 14-3).  By order dated December 31, 2020, the trial court denied Petitioner's § 440 motion.  Petitioner did not appeal the denial of his § 440 motion.

On March 22, 2021, Petitioner filed the instant motion to file an amended petition (Dkt. 26) ("motion to amend"), and a motion to stay the proceedings (Dkt. 27) ("motion to stay").  By letter to the undersigned dated and filed on May 20, 2021, Respondent filed a response to both the motion to amend and the motion to stay (Dkt. 29) ("Respondent's Opposition").  Oral argument was deemed unnecessary.

Based on the following Petitioner's motion to amend is DENIED; Petitioner's motion to stay is DENIED.

## DISCUSSION

**1.     Motion to Amend**

Petitioner moves to amend the Petition to assert two additional grounds for habeas relief including (1) statements Petitioner made to the police were involuntarily and given without benefit of the *Miranda* warnings; and (2) the Appellate Division improperly remanded the criminal action for a *Huntley* hearing, but did not also order a new trial.  Motion to Amend at 1.  Respondent opposes the motion because Petitioner failed to attach to the motion, or to otherwise provide, a copy of the proposed amended petition as required by Local Rules of Civil Procedure – W.D.N.Y. Rule 15 ("Local Rule 15).  Respondent's Opposition at 3.

"Because a motion to amend is not a successive habeas petition . . ., the standard for granting or denying a motion to amend is governed by Federal Rule of Civil Procedure 15(a)." *Graham v. United States of America*, 2021 WL 2983070, at * 5 (W.D.N.Y. July 9, 2021) (citing *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001)). Rule 15(a) provides that leave to amend "shall be freely granted when justice so requires." Fed.R.Civ.P. 15(a). Nevertheless, a district court may properly deny leave where, as here, the petitioner fails to attach a copy of the proposed amended petition such that it is not possible to discern what amendments are proposed. *See McCray v. Griffin*, 2021 WL 4437169, at * 2-3 (W.D.N.Y. Sept. 28, 2021) (denying habeas petitioner's motion to amend where proposed amended petition was not provided).

Accordingly, Petitioner's Motion to Amend is DENIED without prejudice.

**2.    Motion to Stay**

Petitioner moves for a stay, holding the Petition in abeyance until Petitioner files a second § 440 motion asserting ineffective assistance of trial and appellate counsel, presenting to the trial court and additional unspecified issues of which Petitioner maintains he recently became aware. Petitioner's Motion to Stay at 1. In opposition, Respondent argues Plaintiff has failed to establish the requisite good cause for the requested stay. Respondent's Opposition at 4-5.

Petitioner's motion to stay is predicated on Petitioner's need to exhaust all remedies available in New York's courts before seeking habeas relief on such claims. *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991) ("Under 28 U.S.C. § 2254(b), applicants for habeas corpus relief must 'exhaust[ ] the remedies available in the courts of the State.'" (quoting *Pesina v. Johnson,* 913 F.2d 53, 54 (2d Cir. 1990)). "In doing so, a

5

petitioner must present his federal constitutional claims to the highest court of the state before a federal court may consider the merits of the petition." *Id.* (citing *Pesina,* 913 F.2d at 54). "The state court must be fairly apprised that petitioner is raising a federal constitutional claim and of the factual and legal premises underlying the claim." *Id.* at 119-20 (citing *Morgan v. Jackson,* 869 F.2d 682, 684 (2d Cir.), *cert. denied,* 493 U.S. 920 (1989); *Daye v. Attorney General,* 696 F.2d 186, 191 (2d Cir. 1982)).

The Supreme Court instructs that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber,* 544 U.S. 269, 278 (2005). Although the Court did not define "good cause," the lower courts have provided various definitions with most courts examining the issue "deem[ing] it to require ... some factor external to the petitioner." *Williams v. Marshall,* 2011 WL 1334849, at *2 (S.D.N.Y. Mar. 30, 2011); *see also Nicole v. Conway,* 2011 WL 2837428, at *2 (E.D.N.Y. July 14, 2011) ("[I]n order to demonstrate good cause, a petitioner must show that 'some factor external to the petitioner gave rise' to his failure to assert the claims in state court.") (collecting cases).

In the instant case, Petitioner makes no attempt to explain why he failed to exhaust, at an earlier time, the new claims[2] for which he plans to file a § 440 motion and then add to his petition.[3] Thus, Petitioner fails to demonstrate the requisite "good

---

[2] The court notes the claims for which Petitioner maintains he intends to seek relief pursuant to a § 440 motion are not the same claims Petitioner includes in his motion to amend.

[3] The court notes that any claim Petitioner intends to include in the further § 440 motion he maintains he plans to file is likely time-barred by the one-year limitations period provided by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1), applicable to habeas petitions brought by petitioners imprisoned pursuant to a state court judgment, unless the proposed amended claim could not have been discovered earlier despite the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

cause" for failing to exhaust the claims and the absence of "good cause" for the failure to exhaust is fatal to Petitioner's ability to fulfill the *Rhines* standard. *See Rhines,* 544 U.S. at 277 ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."). Nor has Petitioner sufficiently described the putative claims to permit the court to determine whether they are potentially meritorious. *See, e.g., Mills v. Girdich,* 614 F.Supp.2d 365, 379–80 (W.D.N.Y.2009) (denying habeas petitioner's motion to stay proceedings to permit the filing of a § 440 motion raising challenges to grounds not asserted in the petition but which the petitioner would then seek to add to the petition where the petitioner failed to show "good cause" for failing to earlier exhaust or that the claims are "potentially meritorious"). Upon examining the record in the instant case, the court finds the requisite "good cause" is not present, nor is there any basis on which the court can find the grounds on which Petitioner plans to seek § 440 relief are "potentially meritorious." *Rhines,* 544 U.S. at 277-78.

Accordingly, it would be an abuse of discretion to grant a stay to permit Petitioner to file another § 440 motion, and Petitioner's motion for a stay in this proceeding is therefore DENIED.

<a><p><s>
</s></p></a>

<p><s>
</s></p>

## **CONCLUSION**

Based on the foregoing Petitioner's motion to amend (Dkt. 26) is DENIED without prejudice; if Petitioner decides to refile the motion to amend and can demonstrate the *Rhines* criteria as discussed above, the refiled motion is due within **thirty (30) days** of the date of entry of this Decision and Order.  Petitioner's motion to stay (Dkt. 27) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 23rd, 2022
         Buffalo, New York

**Plaintiff is advised that any appeal of this Decision and Order must be taken by filing written objection with the Clerk of the Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).**